FILED

MAY 01 2012

MOLLY C. DWYER, CI
U.S. COURT OF APPEA

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br><br>                Petitioner,<br><br>  v.<br><br>SAN LUIS TRUCKING, INC.;<br>FACTOR SALES, INC.;<br>SERVICIOS ESPECIALIAZADOS DEL<br>COLORADO, S.A. DE C.V.,<br><br>                Respondents. | No. 10-73624<br><br>NLRB  No. 28-CA-20387<br><br><br><br>MEMORANDUM* |

On Application for Enforcement of an
Order of the National Labor Relations Board

Argued and Submitted February 15, 2012
San Francisco, California

Before:    ALARCÓN and SILVERMAN, Circuit Judges, and GARBIS, Senior
District Judge.**

---

\*    The panel unanimously concludes this case is suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*    The Honorable Marvin J. Garbis, Senior United States District Judge for the
District of Maryland, sitting by designation.

1

The National Labor Relations Board (the Board" or "NLRB") petitions for enforcement of the Board's decision and order in this case. We have jurisdiction pursuant to 29 U.S.C. § 160(e), and for the reasons stated herein, grant the NLRB's application for enforcement of its order.

Factor contends that the ALJ erred as a matter of law in finding that the decision to close SLT without first bargaining with the Union was a violation of the National Labor Relations Act (the "Act") because there is no duty to bargain over a decision that involves going out of business entirely. Factor also contends that the ALJ erred as a matter of law in imposing a restoration remedy on one member of a single employer where there is neither an alter ego nor single bargaining unit status with the other member.

We uphold NLRB decisions if the law was correctly applied and the findings are supported by substantial evidence. NLRB. v. Int'l Bhd. of Elec. Workers, Local 48, 345 F.3d 1049, 1053 (9th Cir. 2003) (citing NLRB v. Unbelievable, Inc., 71 F.3d 1434, 1438 (9th Cir. 1995)). Substantial evidence supported the Board's finding that Factor, SLT, and SEC were a single employer for purposes of the Act. As a single employer with SLT, Factor was responsible for bargaining with the Union over business decisions impacting SLT's employees, and it may be held responsible to redress unfair labor violations. See RBE Elecs. of S.D., Inc., 320 NLRB 80, 80-81, 1995 WL 788575 (1995); see also Penntech Papers, Inc. v.

NLRB, 706 F.2d 18 (1st Cir. 1983) (finding parent corporation, as a single employer with its subsidiary, liable for its subsidiary's violation of the Act by failing to bargain in good faith regarding its closure).

Further, substantial evidence supported the Board's finding that both Factor's movement of the transport business from SLT and SLT's closing were because of, and in response to, protected union activities, and that Factor did not establish that the actions would have been taken in the absence of those protected activities. See Textile Workers Union of Am. v. Darlington Mfg. Co., 380 U.S. 263, 268-69, 274-75 (1965)("[A] partial closing is an unfair labor practice under § 8(a)(3) if motivated by a purpose to chill unionism in any of the remaining plants of the single employer and if the employer may reasonably have foreseen that such closing would likely have that effect.").

Finally, the Board's chosen means of remedying an unfair labor practice is overturned only for an abuse of discretion. Sever v. NLRB, 231 F.3d 1156, 1165 (9th Cir. 2000). Doubts about the scope of a remedy should be resolved against the perpetrator of the unfair labor practice. Id. The Court will affirm a NLRB remedial order unless "the order is a patent attempt to achieve ends other than those which can fairly be said to effectuate the policies of the Act." East Bay Auto. Council v. NLRB, 483 F.3d 628, 632 (9th Cir. 2007) (quoting Fibreboard Paper Prods. Corp. v. NLRB, 379 U.S. 203, 216 (1964)). The Board did not abuse

3

its discretion in devising a remedy intended to restore the status quo ante. See Sw. Forest Indus., Inc. v. NLRB, 841 F.2d 270, 274 (9th Cir. 1988). Accordingly, the Board's remedy is presumptively valid. Of course, the remedy is subject to modification during the compliance stage of proceedings if Factor can demonstrate that it would be unduly burdensome to reinstate SLT and restore the business that was transferred to a third party. The Board's Order specifically makes an allowance for such a showing. San Luis Trucking, Inc. v. United Food & Commercial Workers Union, Local 99, 352 NLRB 211, 211 n.5 (2008).

In sum, we hold that the Board correctly applied the law, and that substantial evidence on the record as a whole supports its findings of fact. Therefore, we GRANT the Board's application for enforcement of its order.

PETITION GRANTED; ORDER ENFORCED.